This is a judgment creditor's action to set aside a mortgage and two leases executed by the judgment debtors, the defendants Joseph Sudol and his wife Eva Sudol. Complainant entered a judgment on the 16th day of May, 1938, on a debt which had been due for several years previously. The mortgage sought to be vacated is in the amount of $15,000 and was executed on the 17th day of June, 1935, while complainant was a creditor, by Joseph and Eva Sudol to their daughter, the defendant Stella Sudol. The mortgaged premises *Page 62 
include two parcels, one consisting of thirty-two rooms occupied as a rooming house by defendant Edward Sudol, a son of Joseph and Eva Sudol. The property is covered by two prior mortgages in the amount of $14,000. The other premises consist of a tenement house and stores which also are encumbered by two prior mortgages.
The leases sought to be set aside were both executed on the 28th day of January, 1937, by the owners to their son, Edward Sudol. One of them is for the rooming house at an annual rental of $600, with an additional provision that the owners should furnish heat for the building during the winter and should repaint every three years during the term of fifteen years, with a renewal. The other lease covers one of the stores in the other building at a monthly rental of $20 for a period of fifteen years. The possible income under these leases is far below the carrying charges of interest on the mortgages, taxes, heat and repairs. The owners are heavily in arrears in both taxes and interest, and the first mortgagee has taken over the rooming house as mortgagee in possession. It is the contention of complainants that the mortgage for the daughter was made without consideration and in fraud of complainant as creditor, and that the leases to the son were made for the purpose of stripping the parents of everything except a nominal interest in the premises while keeping the benefits of the use thereof in the family. In my opinion complainant has fully sustained both these contentions. Defendant Stella Sudol contends that the consideration for the execution of the mortgage to her was the fact that for several years while she was living with her parents in the rooming house she had worked in the place without receiving any compensation except her keep. It is well settled law, however, that in the absence of a definite agreement to pay wages, and no such agreement is asserted here, services by a child to a parent is not a legal consideration so as to sustain a conveyance as against creditors. In the case of Updike v.Titus, 13 N.J. Eq. 151-153, the court says:
"So far as relates to the claim for services rendered, the mortgage is without consideration, and fraudulent as against creditors. The law implies no promise to pay for services *Page 63 
rendered by members of a family to each other, whether by child, parents, grand-parents, brother, stepchildren, or other relation. No action can be maintained for such services in the absence of an express contract or an agreement to pay for them. The rule rests upon the simple reason that such services are not performed in the expectation, or upon the faith of receiving pecuniary compensation. Ordinarily, for a service rendered, the law implies a promise to pay, corresponding with the value of the service but for services rendered by members of a family to each other, no promise is implied for remuneration, because they were not performed in the expectation, by either party, that pecuniary compensation would be made or demanded. The authorities upon this subject are numerous and decided, and the principle upon which they rest, too clear for doubt."
The same effect are Dodson v. Severs, 54 N.J. Eq. 305, andKessler v. Sooy, 108 N.J. Eq. 86.
The mortgage to Stella Sudol is in contemplation of law only a gift without legal consideration and is not valid against complainant's judgment. As to the leases it seems apparent that they were a mere subterfuge to place the parents' assets out of reach of complainant or any other creditor by the making of long term leases at a rental far below what would be necessary to carry the properties. This constitutes a fraud against complainant.
A decree will be advised setting aside the mortgage and the two leases as prayed in the bill. *Page 64